State v. Smith

---

STATE OF NORTH CAROLINA v. JAMES SMITH

No. 7121SC368

(Filed 23 June 1971)

Burglary and Unlawful Breakings § 5— sufficiency of evidence to support guilty verdict

> The trial court did not err in failing to set aside a jury verdict finding defendant guilty of felonious breaking and entering.

ON *certiorari* to review order of *Johnston, Judge,* 4 March 1970 Criminal Session, Superior Court of FORSYTH County.

---

State v. Smith

---

Defendant was charged under G.S. 14-54 with felonious breaking and entering. He waived his right to counsel and entered a plea of not guilty. Defendant cross-examined some of the State's witnesses. He elected not to testify himself but requested that the arresting officer be called to testify. This was done. Defendant attempted to question the officer with respect to what was done at his preliminary hearing. When the court explained to him that what the judge did in the preliminary hearing was not competent, defendant said he did not want to ask the witness anything else. No arguments were made to the jury, the defendant having expressed his desire not to argue his case to the jury. Verdict of guilty as charged was returned on 4 March 1970. On 9 March 1970 he wrote the trial judge that he wanted to appeal. Whereupon the court appointed counsel to perfect his appeal.

*Attorney General Morgan by Staff Attorney Price for the State.*

*Charles R. Redden for defendant appellant.*

MORRIS, Judge.

Defendant's sole assignment of error reads as follows: "Counsel for appellant has read the transcript and sets out as the error that the Court failed to set aside the verdict *ex mero motu* as being based on circumstantial evidence." We think it only fair to counsel for appellant to state that the basis for appeal advanced by counsel was at the insistence of defendant himself.

The evidence for the State tended to show that the building of D. D. Bean & Sons, Inc., was broken into and that entrance was gained by breaking out a window in a garage type door to the building. An accomplice testified that he and defendant and a man named Thomas had gone to the building at defendant's urging. Defendant had told them they could get some "easy money" there. All three had been drinking, but they were not drunk. The accomplice testified that defendant broke a window, and all three entered the building. After entrance was gained, Thomas stumbled in the dark and was told by defendant to go to the back of the building. Defendant went to a desk and opened it and remarked that that wasn't what he was looking for. Defendant then told the witness he was making too much noise

and told him to go in the back and sit down. He did, and the next thing he knew the officers were there and he was arrested. Defendant was not caught in the building. Tracks in the snow were found by officers leading into a wooded area at the rear of the building. Willie Gadson, the accomplice, identified defendant as the third person involved.

It is obvious that this direct evidence is sufficient to support the verdict and the court did not err in failing to set the verdict aside.

Affirmed.

Judges BROCK and HEDRICK concur.